UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TANIA RODRIGUEZ,

                              Plaintiff,

                  - against -

NNR GLOBAL LOGISTICS USA INC.,
ALEX WOLUEWICH, and
SEAN MACHIDORI,

                            Defendants.
-----------------------------------------------------------X

**DECISION AND ORDER**

CV 14-1766 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

      Tania Rodriguez ("Plaintiff") commenced this action against NNR Global Logistics USA Inc., Alex Woluewich and Sean Machidori (collectively, "Defendants") pursuant to Title VII and the New York State Human Rights Law. *See generally* Complaint ("Compl.") [DE 1]. Presently before the Court is Defendants' Motion to Strike, Withdraw and/or Amend Deemed Admissions to Plaintiff's Request for Admissions ("Defs.' Mot."). *See* DE 89-91. It is the most recent application in a long series of discovery-related disputes between the parties. *See e.g.*, DE 33, 36, 37, 38, 39, 40, 41, 44, 45, 76, 78, 80.

      Plaintiff's counsel maintains that she sent Defendants the Requests for Admission ("RFAs" or "the requests") at issue here on November 25, 2014 but that Defendants failed to respond to them in the time frame allotted under Fed. R. Civ. P. 36. *See* Declaration of Alena Shautsova in Opposition to Defendants' Motion to Strike ("Shautsova Decl.") [DE 94-1] ¶ 3; *see generally* Plaintiff's Memorandum in Opposition to Defendants' Motion to Strike ("Pl's. Mem.")

[DE 94]. According to Plaintiff, the RFAs are therefore deemed admitted. Pl's. Mem. at 5. Defendants point out that it was not until April 14, 2016, some 17 months later, that Plaintiff's counsel alerted them via email that they had not responded to the requests. *See* Defendants' Memorandum in Support of Motion to Strike ("Defs.' Mem.") [DE 90] at 4. According to Defendants, they called Plaintiff's counsel the following day and advised her that they were not aware that she had previously served any requests. *Id*. Defendants maintain that they also conveyed to Plaintiff's counsel that: "(1) Defendants inadvertently did not respond to the purported RFAs; (2) the RFAs improperly sought admissions relating to the ultimate legal issues; and (3) Defendants have continuously denied the allegations in this case." *Id*. Defendants therefore asked the Plaintiff to consent to the withdrawal or amendment of any requests that Plaintiff was deeming admitted. *Id*. Plaintiff's counsel denied the request, prompting Defendants to seek Court intervention through the instant motion. *Id*.

      For the reasons which follow, Defendants' motion is GRANTED.

## II.    STANDARD OF REVIEW

      Fed. R. Civ. P. 36 governs Requests for Admission and states, in relevant part, as follows:

> (a) (1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A) facts, the application of law to fact, or opinions about either; and
>>
>> (B) the genuineness of any described documents.

Rule 36 further provides that responses to requests for admission are due within 30 days of service or the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3); *Clerical Apparel of New York, Inc. v. Valley Forge Ins. Co.*, 209 F.R.D. 316, 320 (E.D.N.Y. 2002) (citing *Apex Oil Co. v.*

2

*Belcher Co. of N.Y., Inc.*, 855 F.2d 1009 (2d Cir.1988); *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651 (2d Cir. 1983), rejected on other grounds by *McLaughlin v. Richland Shoe Co.*, 108 S. Ct. 1677, 486 U.S. 128 (1988). However, "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the Court." Fed. R. Civ. P. 36(a)(3); *see S.E.C. v. Thrasher*, No. 92-6987, 1996 WL 460148, at *1 (S.D.N.Y. Aug. 1, 1996) (citing *Donovan*, 703 F.2d at 651-52; *Beberaggi v. New York City Transit Auth.*, No. 93-1737, 1994 WL 18556, at *2 (S.D.N.Y. Jan. 19, 1994) (stating that it is clear from the language of Rule 36 that "the court has some discretion to forgive tardiness.")).

Unlike interrogatories, depositions and document demands, requests for admission are neither "discovery device[s]" nor substitutions for such devices. *Henry v. Champlain Enters., Inc.,* 212 F.R.D. 73, 77 (N.D.N.Y.2003) (citing *T. Rowe Price Small–Cap Fund, Inc. v. Oppenheimer*, 174 F.R.D. 38, 42 (S.D.N.Y.1997); James Wm. Moore., Moore's Federal Practice ¶ 36:02 (3d ed. 2002)); *see Saliga v. Chemtura Corp.*, No. 12 Civ. 832, 2013 WL 6097100, at * 3 (D. Conn. Nov. 20, 2013) ("Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because a party may accept, deny or object to facts phrased by the opposition.") (quoting *Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 79 (D.R.I. 1999)). Requests for admission exist to facilitate resolution on the merits by "narrow[ing] the issues at trial where the parties' unambiguously agree." *See Saliga*, 2013 WL 6097100, at * 3 (quoting *Russo*, 51 F. Supp. 2d 70); *see also River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 63 (S.D.N.Y. 2014) (quoting *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577–78 (11th Cir. 1988) (citation omitted)) ("'Rule 36(b) emphasizes the importance of having the action resolved on the merits,

3

while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'").

The Court may permit withdrawal of an admission, on motion, if doing so would (1) "promote the presentation of the merits of the action[,]" and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. at 36(b); *see Garden City Boxing Club, Inc. v. Rice*, No. 4-3100, 2005 WL 613249, at *3 (S.D.N.Y. Mar. 14, 2005) (citing Fed. R. Civ. P. 36, Advisory Committee Notes to 1970 Amendment); *see also Beberaggi*, 1994 WL 18556, at *3. "Permitting a party to dispute a central issue in an action may serve the presentation of the merits of an action." *Garden City Boxing Club, In*c., 2005 WL 613249, *4 (citing *Local Union No. 38 v. Tripodi*, 913 F. Supp. 290, 294 (S.D.N.Y. 1996)).

"Withdrawal of an admission would require the party who obtained it to prove the matter does not, without more, constitute prejudice, within the meaning of Rule 36(b)." *Id*. (citing *Security Ins. Co. of Hartford v. Trustmark Ins. Co*., 217 F.R.D. 296, 298 (D. Conn. 2002) (citations omitted)). "Prejudice," as the word is used in Rule 36, contemplates more than the requesting party's burden to prove his or her case to the trier of fact. *River Light V, L.P*., 837 F.R.D. at 63 (quoting *Gwynn v. City of Philadelphia*, 719 F.3d 295, 299 (3d Cir. 2013)). Rather, it relates to "'special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Id*. (quoting *Kerry Steel, Inc. v. Paragon Indus., Inc*., 106 F.3d 147, 154 (6th Cir. 1997) (citation omitted)); *see Williams v. Blvd. Lines, Inc*., 10 Civ. 2924, 2013 WL 1180389, *8 (S.D.N.Y. Mar. 12, 2013) (quoting *Manufacture Des*

4

*Montres Jaguar, S.A. v. Jaguar Cars Ltd.*, 99 Civ. 12002, 2001 WL 1442611, at *3 (S.D.N.Y. Nov. 15, 2001)).

In situations where the movant has failed to file a timely response to requests for admission, some courts have required the movant to demonstrate "excusable neglect" pursuant to Fed. R. Civ. P. 6(b)(2) before granting withdrawal. *See Baker v. David A. Dorfman, P.L.L.C.*, No. 99-9385, 2000 WL 420551, at *5 (S.D.N.Y. 2000); *see also SEC v. Batterman*, No. 00-4835, 2002 WL 31190171, at *6 (S.D.N.Y. 2002) (quoting *Baker*, 2000 WL 420551, at *5) ("An extension of time to respond to discovery requests is available under Rule 6(b) only if the failure to respond was the result of excusable neglect."). However, others have determined that excusable neglect need not be shown, an approach that is believed to be "tailored more precisely to the purpose of Rule 36." *See River Light V, L.P.*, 299 F.R.D. at 64 (quoting *Gwynn*, 719 F.3d at 298) (citing *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994); Charles Alan Wright & Arthur R. Miller, et al., 8B Fed. Prac. & Proc. Civ. § 2257 (3d ed. 2013); *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000); *Hadley v. United States*, 45 F.3d 1345, 1348–50 (9th Cir. 1995)); *see also In re S.W. Bach & Co.*, No. 07-11569, 2010 WL 681000, at *2 n.1 (S.D.N.Y. Bankr. Feb. 24, 2010) (comparing the two approaches).

"'The language of [ ] rule [36(b)] is permissive.... [T]he decision whether to permit withdrawal remains within the sound discretion of the court.'" *Euler v. JetBlue Airways Corp.*, No. 12-4140, 2013 WL 1482749, at *1 (E.D.N.Y. Apr. 10, 2013) (quoting *Ng v. HSBC Mortg. Corp.*, 07–CV–5434, 2011 WL 3511296 (E.D.N.Y. Aug. 10, 2011), *modified on other grounds by* 2014 WL 4699648 (E.D.N.Y. Sept. 22, 2014); *see Weinberger v. Provident Life and Cas. Ins.*

*Co.*, No. 97-9262, 1999 WL 225537, *1 (S.D.N.Y. Apr. 19, 1999) (citing *Donovan*, 703 F.2d at 652; *Beberaggi*, 1994 WL 18556).

### III. DISCUSSION

#### A. Timeliness Issues

Plaintiff's counsel maintains, and Defendants do not contest, that the RFAs were sent to Attorney Moskowitz on November 25, 2014.  Shautsova Decl. ¶ 3; Declaration of Peter C. Moskowitz in Support of Defendants' Motion to Strike ("Moskowitz Decl.") [DE 91] ¶ 8.  Defendants assert, however, that the requests were inadvertently placed in an office file upon receipt.  Defs.' Mem. 3-4.  The Court notes that Defendants have exhibited a history of failing to respond to discovery requests in a timely manner.  *See* DE 33, DE 47, DE 50.

According to Plaintiff, the Court should deny Defendants' motion on the grounds that they "did not produce an excuse" for their failure to timely respond.  Pls.' Mem. at 24.  As previously discussed, courts are divided as to whether a showing of "excusable neglect" must be made by the movant in the context of motions to withdraw deemed admissions.  *See supra* Section II.  This Court is adopting the approach that is "tailored more precisely to the purpose of Rule 36"—"that excusable neglect need not be shown."  *River Light V.*, 299 F.R.D. at n.1 (quoting Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2257) (adopting the "majority position," which does not impose an excusable neglect requirement).  This should not be interpreted as any finding on the Court's part here that Defendants' actions are excusable.

Moreover, the Court notes that there was a 17-month delay between Plaintiff's service of the RFAs and the discussion between counsel for both sides that there had not been a response to those RFAs.  The circumstances as to those discussions differ in the representations made to the

6

Court. On the one hand, Defendants did not act with any degree of diligence when the RFAs were served. Yet, Defendants acted immediately on becoming aware in April 2016 that no responses had been made to those RFAs. There is nothing in the record which establishes that the lack of initial response was willful or deliberate. Moskowitz Decl. ¶¶ 11-12. Also, there is no indication in the certificate of service provided by Plaintiff's counsel that the RFAs were served on co-counsel Masuda, Funai, Eifert & Mithcell. DE 19, Ex. B. Significantly, email correspondence shows that Plaintiff's counsel was regularly communicating with John Stanis, Esq., of the Masuda firm. DE 91, Ex. C. Stanis had actually served Defendants' responses to Plaintiff's discovery demands on Plaintiff's counsel. Moskowitz Decl. ¶ 4.

Given the historic tenor of this litigation — including the prior admonitions of the Court to Defendants — it is difficult to believe that counsel would deliberately ignore the RFAs. The wording of the requests — replete with legal conclusions — would lead a reasonable attorney to conclude that opposing counsel would not willingly agree with such statements or opt to ignore them. Defendant's objections to the deemed admissions should come as no surprise to Plaintiff since Defendants have consistently denied the allegations set forth in the requests throughout the case — via deposition testimony, motion practice etc. Allowing the RFAs to be deemed admitted would contravene the purpose of Rule 36, which is to "narrow the issues at trial where the parties' unambiguously agree." *Russo*, 51 F. Supp. 2d 70. Here, the parties clearly do not "unambiguously agree" on the statements set forth in the RFAs.

Therefore, considering all of these circumstances, and in light of the fact that the Court's decision on whether to permit withdrawal falls within its discretion, the Court is granting Defendants' motion. *See Euler*, 2013 WL 1482749, at *1 (quoting *Ng*, 2011 WL 3511296).

**B.     The RFAs in Total**

Even if the Court had determined that Defendants' motion should be denied because of the timeliness issue, the contents of the RFAs as constituted warrant the striking of the RFAs. At the outset, the Court first sets forth the RFAs themselves.

1. That Plaintiff Tania Rodriguez engaged in protected activity within the meaning of Title VII while employed at NNR Global.

2. That Plaintiff Tania Rodriguez complained about harassment by Alex Woluewich to Maria Miliante.

3. That NNR Global did not investigate Tania Rodriguez' complaint of harassment by Alex Woluewich.

4. That Plaintiff Tania Rodriguez complained to Alice Kroczka on December 17, 2012 that Alex Woluewich is singling her out.

5. That NNR Global did not conduct all investigation of December 17, 2012 Plaintiff's complaint.

6. That in November, 2010 Tania Rodriguez was promoted to the role of Import Supervisor.

7. That there are no signed by Plaintiff written reports of discipline of Plaintiff throughout her employment with NNR Global.

8. That Plaintiff was fired in retaliation to her protected activities.

9. That Defendant NNR Global instructed its employees in New York office not to participate in the EEOC investigation.

10. That Defendant NNR Global provided negative reference to Neal Rosenberg regarding Tania Rodriguez.

11. That Defendant NNR Global has failed to protect Tania Rodriguez from discrimination by her supervisor Alex Woluewich.

12. That Defendant NNR Global was negligent in handling Tania Rodriguez' complaints of discrimination and harassment.

13. That NNR Global has not terminated every employee who allegedly violated company's punch in and punch out policy.

14. That NNR Global has not terminated every employee who made a mistake in the course of the employment that led to company's incurring monetary loss.

15. That NNR Global does not have a written procedure regarding investigation of complaints of discrimination.

Requests for Admissions [DE 91], annexed as Exhibit B to Moskowitz Decl.

### C. RFAs 8, 11 and 12

As a preliminary matter, Plaintiff and Defendants both agree that RFAs 8, 11, and 12 should be stricken on the grounds that they seek the admission of legal conclusions. Defs.' Mem. at 5; Pl.'s Mem. at 9. Plaintiff explains that had Defendants attempted to conference with Plaintiff regarding the legal conclusion issue prior to submitting the instant motion, Plaintiff would have agreed that these RFAs should be stricken. Pl.'s Mem. at 9. At this stage in the litigation, the parties are well aware that they have an obligation under Local Civil Rule 37.3 to confer in good faith in person or by telephone in an effort to resolve any discovery disputes prior to seeking judicial intervention. Going forward, as counsel have been previously cautioned, any motion papers submitted by any party which do not contain the proper certification of

compliance with Local Civil Rule 37.3, as well as an explanation of how that compliance was achieved, will be returned to counsel without adjudication by the Court. Here, since both sides are in agreement that RFAs 8, 11 and 12 should be stricken, the Court orders the same, notwithstanding the non-compliance with Rule 37.3.

### D. RFAs 1, 2, 3, 4, 5, 7, 9, 10, 13, 14 and 15

Defendants further argue that RFAs 1, 2, and 3 must be stricken on the grounds that they, too, seek the admission of legal conclusions. *See* Defs.' Mem. at 5-7. Plaintiff asserts, however, that these requests are proper because they call for the application of law to undisputed facts, which is permissible under Fed. R. Civ. P. 36. *See* Pl.'s Mem. at 10. As explained above, Rule 36 provides litigants with a vehicle for requesting, in relevant part, the admission of "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a). In regard to "the application of law to fact," the party requesting the admission must set forth a "factual basis to derive the legal conclusion." *Petrunich v. Sun Bldg. Sys., Inc.*, No. 3:CV-04-2234, 2006 WL 2788208, at *5 (M.D. Pa. Sept. 26, 2006) (deeming the request that the plaintiff "was discriminated because of his age" improper); *see Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. Dec. 15, 1997) (deeming a request for admission improper on the grounds that it sought a response to a "legal question unconnected to the facts of the case at bar.") (collecting cases); *see also Thompson v. Beasley*, 309 F.R.D. 236, 242 (N.D. Miss. July 13, 2015) ("[F]or a legally-related request to be deemed admitted in this case, it must connect the relevant legal proposition to specific facts and circumstances of the case.")[1]; *First Options of Chicago, Inc. v. Wallenstein*,

---

[1] In *Thompson v. Beasley*, the requests for admission at issue were:

> 2. Please admit that the Defendants are not liable and have no liability to Plaintiff for the incident which is the subject of this lawsuit.

10

No. CIV. A. 92–5770, 1996 WL 729816, at *3 (E.D. Pa. Dec.17, 1996) ("'Requests for admission ... are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case.'") (quoting *Audiotext Commc'ns Network, Inc., v. US Telecom, Inc.*, No. 94-2395, 1995 WL 625744, at *6 (D. Kan. Oct. 5, 1995)).  Without the inclusion of specific facts and circumstances, the legal proposition alone is "too abstract to derive the legal conclusion," rendering the admission improper.  *See Petrunich*, 2006 WL 2788208, at *5.

      With these principles in mind, the Court turns to the specific RFAs.  RFA 1 states "That Plaintiff Tania Rodriguez engaged in protected activity within the meaning of Title VII while employed at NNR Global."  This request consists entirely of a legal conclusion.  The only "fact" included is Plaintiff's name.  That is not enough to create an adequate connection with the purported legal conclusion — that Plaintiff engaged in protected activity under Title VII.  If the Court had not already accounted for Defendants' delay in responding to the RFAs, it would strike the deemed admission of RFA 1.  *See Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973) ("It is true that failure to deny is tantamount to an admission, but it is equally true under this rule as under the others, that technical considerations will not be allowed to prevail to the detriment

---

> 3. Please admit that the sole proximate cause of Plaintiff's injuries or losses, if any, was his own negligent or intentional acts.
>
> 4. Please admit that Plaintiff was solely at fault for the incident which is the subject of this lawsuit.
>
> 5. Please admit that third parties were solely at fault for the incident which is the subject of this lawsuit.

*Thompson*, 309 F.R.D. at 241.  These requests were ultimately deemed improper by the court.  *Id*. at 242.

of substantial justice.") (quoting *Ark-Tenn Distributing Corp. v. Breidt*, 110 F. Supp. 644 (D.N.J. 1953), *aff'd*, 209 F.2d 359 (3d Cir. 1954)).

As to RFA 2 and RFA 3, the Court disagrees that the "facts" in these two RFAs are undisputed.  Defendants argue that these requests should be stricken since "admissions as to whether specific communications or actions amounted to complaints of harassment or protected activity, seek the admission of legal conclusions."  Defs.' Reply at 2.  In support of their position, Defendants cite *Negron-Marty v. Wal-Mart Puerto Rico, Inc.*, 862 F. Supp. 2d 48, 52 (D.P.R. 2012).  The court in *Negron-Marty* stated that "whether a particular complaint was one of discrimination is a legal conclusion."  *Id*. at n.6.  The Court, however, is not persuaded by *Negron-Marty* since it did not involve requests for admission, which can take the form of an "application of law to fact."  Fed. R. Civ. P. 36(a).

*Chawlaw v. Lockheed Martin*, No. 13-333, 2013 WL 5729817 (D. Col. Oct. 18, 2013), however, involved a request for admission which utilized the word "harassment."  Like Plaintiff, here, the plaintiff in *Chawlaw* alleged that the defendant, his employer, subjected the plaintiff to discrimination, harassment and adverse employment actions, because of his ethnicity.  *Id*. at *1. The plaintiff served requests for admission but defendants failed to respond.  *Id*.  The defendant subsequently sought to withdraw or amend its deemed admission to the following request, among others:

> Please admit that following Plaintiff's internal complaint on or about February 14, 2012, You were able to substantiate Plaintiff's allegations of harassment perpetuated by at least one of his coworkers, Lawrence Espelage.

*Id*. at *3.  The court held that the above request, if admitted, would "establish a core element of at least one of Plaintiff's claims[,]" thereby "practically eliminat[ing] [some] presentation of the

12

merits of the case." *Id*. (quoting *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. June 1, 2005). The court therefore determined that the first prong of the Rule 36 test for withdrawal/amendment had been satisfied. *Id*. Moreover, the court noted it was not persuaded that withdrawal would prejudice the plaintiff, who merely alleged that he expended additional attorney's fees in connection with the defendant's motion and had already taken three depositions.[2] *See id*. at *4. On these grounds, the court authorized withdrawal of the deemed admissions and directed the defendant to respond to the requests within a designated period of time. *Id*.

Withdrawal here would promote the presentation of the merits of this case. Whether Plaintiff was the subject of harassment is central to Plaintiff's claims and is highly contested. *See River Light V, L.P.*, 299 F.R.D. at 64 ("[T]here is no question that permitting withdrawal and amendment of the deemed admissions would 'promote the presentation of the merits of the action,' [ ] as the deemed admissions go to the 'ultimate issues' in this litigation and may well be dispositive of the action.") (quoting *Hadley*, 45 F.3d at 1348–50). Forcing Defendants to admit this material would allow "technical considerations" to "prevail to the detriment of substantial justice," *see Williams*, 61 F.R.D. at 144, frustrating the purpose of Rule 36. If the Court had not already accounted for Defendants' delay in responding to the RFAs, it would strike the deemed admission of RFA 2 and 3.

The Court further finds that RFAs 4, 5, 7, 9, 10, 13, 14 and 15 also involve facts central to the subject of Plaintiff's claims. *See Euler*, 2013 WL 1482749, *1-*2 ("As with most rules

---

[2] "The prejudice contemplated by Rule 36(b) ... relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Chawlaw*, 2013 WL 5729817, at *3 (quoting *Hadley*, 45 F.3d at 1348) (internal quotation marks omitted).

13

regarding discovery, '[t]he language of the rule is permission….[T]he decision whether to permit withdrawal remains within the sound discretion of the court.") (quoting *Ng*, 2011 WL 3511296, at *1). For example, RFA 4 states: "That Plaintiff Tania Rodriguez complained to Alice Kroczeka on December 17, 2012 that Alex Woluewich is singling her out." Discrimination under Title VII is, in essence, the act of singling out an individual based on their membership in a protected group and subjecting them to adverse employment actions. Whether Plaintiff was discriminated against is highly contested and is central to Plaintiff's claims. Hence, RFAs 4, 5, 7, 9, 10, 13, 14, and 15 go to the ultimate issues in the case and are therefore improper.

Moreover, the Court is not persuaded that Plaintiff would be unduly prejudiced by striking or withdrawing the RFAs. Plaintiff failed to demonstrate that she is "less able to obtain the evidence required to prove the matters which had been admitted than [she] would have been at the time the admission was made." *Williams*, 2013 WL 1180389, at *8 (quoting *Manufacture Des Montres Jaguar, S.A.*, 2001 WL 1442611, at *3). In an effort to prove that she will be prejudiced by withdrawal, Plaintiff uses the purported circumstances surrounding RFA 10 as an example. Pl.'s Mem. at 16. RFA 10 states: "That Defendant NNR Global provided negative reference to Neal Rosenberg regarding Tania Rodriguez." Plaintiff asserts that she has relied on this admission during the course of discovery and Defendants should therefore not be permitted to now deny it. *See* Pl.'s Mem. at 16. The Court points out, however, that Plaintiff knew Neal Rosenberg disputed the allegation that NNR had provided him with a negative reference as early as October 14, 2015 when Mr. Rosenberg testified at his deposition. The deposition transcript states:

> Q    And do you – when you called NNR on October 16th, do you recall what the person told you?

14

> A    I simply asked for Tania. They said they have no such person working there. I said "okay."
>
> Q    You didn't ask any follow-up questions?
>
> A    No.
>
> [ ]
>
> A    I sent an E-mail to my office manager who was supposed to participate in the interview process. And I went to speak to her, and I decided in a quick conversation with her that we were not going to interview.
>
> Q    And at that time were you aware that she had a litigation pending against NNR?
>
> A    No.
>
> Q    Were you aware that she had made any claims against NNR?
>
> A.    No.
>
> Q    Had you spoken to anybody at NNR about Ms. Rodriguez other than that single phone call looking for her?
>
> A    No.

Rosenberg Dep. at 29-31. Mr. Rosenberg's testimony is not consistent with RFA 10. It is not plausible that Plaintiff would be thrown off guard by a denial of RFA 10. Moreover, Plaintiff has not demonstrated that she will be prejudiced here. If the Court had not already accounted for Defendants' delay in responding to the RFAs, it would strike the deemed admission of RFAs 4, 5, 7, 9, 10, 13, 14, and 15. To the extent Plaintiff has a good faith basis to seek an extension of the discovery deadline based on a claim of prejudice as a result of this specific ruling on RFA 4, Plaintiff may submit an application to the Court but must do so within 14 days.

      Plaintiff also points to various cases in support of her position that the Court should not let Defendants withdraw or amend the deemed admissions. The Court finds those cases to be distinguishable. In *United States v. Pearson*, No. 10-442, 2012 WL 924879, at *3 (D. Del. Mar.

19, 2012), report and recommendation adopted by 2012 WL 3249460 (E.D.N.Y. Aug. 7, 2012), and *In re Ladouceur*, No. 95-271, 1996 WL 596718, at *4 (N.D.N.Y. Oct. 15, 1996), the defendant did not seek any form of relief from the court in regards to its failure to timely respond to the plaintiff's requests for admission.[3]

Plaintiff also cites *S.E.C. v. Thrasher*, No. 92-6987, 1996 WL 460148 (Aug. 13, 1996) in support of her position. Pl.s' Mem. at 14. *Thrasher* and the instant case are distinguishable, however. In *Thrasher*, the court held that the defendant did "not show that the 'presentation of the merits will be aided'" by the relief he sought, namely to deny plaintiff's motion seeking an order deeming requests for admission admitted. *Id*. at *2. The court explained, that "[i]n substance [the defendant] simply proffere[ed] a belated and patently insufficient set of responses to plaintiff's requests." *Id*. The court further explained that the defendant "fail[ed] to demonstrate that any of the requests call for admissions that are plainly inconsistent with the facts." *Id*. Here, Defendants have set forth arguments articulating why the presentation of the merits would be hindered by deeming the requests admitted. Moreover, Defendants have proffered evidence that at least one of the requests is inconsistent with deposition testimony. Notwithstanding Plaintiff's reliance on these cases, their distinguishable circumstances provide no basis for the Court to alter its conclusion here.

E.  **RFA 6**

The Court finds the motion as to RFA 6 to be moot. RFA 6 reads as follows: "That in November, 2010 Tania Rodriguez was promoted to the role of Import Supervisor." In their

---

[3] In *Pearson*, the court explained that "Pearson could have sought relief by filing a Rule 36(b) motion to amend or withdraw his admissions. No such motion was filed, nor has he requested leave to file such a motion." *Pearson*, 2012 WL 924849, at *3.

16

Answer filed on April 29, 2014, Defendants admitted that Plaintiff was "promoted to Ocean Import Supervisor." *See* Answer [DE 11] ¶ 23. As Plaintiff's promotion to "Import Supervisor" is undisputed, RFA 6 is moot.

## IV.    CONCLUSION

In light of the foregoing analysis, Defendants' motion is GRANTED. All RFAs are stricken.

**SO ORDERED.**

Dated: Central Islip, New York
         March 31, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge